| | | |
|---|---|---|
| Minute Order Form (06/97) | | |

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 976 | **DATE** | August 21, 2002 |
| **CASE TITLE** | *United States v. William H. Garrett* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, Garrett's Motion For Disclosure of Evidence is GRANTED to the extent set forth herein; Motion To Preserve Agent Notes is GRANTED; Motion For a <u>Santiago</u> Proffer is DENIED as moot; and Motion For notice of use of Rule 404(b) evidence is GRANTED.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 2 6 2002 | |
| | Notified counsel by telephone. | | date docketed | 25 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
AUG 2 6 2002

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Hon. Blanche M. Manning |
| v. | ) | |
| | ) | 01 CR 976 |
| WILLIAM H. GARRETT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant William Garrett was indicted on charges of bankruptcy fraud, in violation of 18 U.S.C. § 152. The present matter comes before this Court on Garrett's pretrial motions.

### I. Motion for Disclosure of Evidence

Garrett has moved this Court for disclosure of the following evidence: (A) any statements he made to Government agents from 1997 to the present; (B) his criminal history; (C) medical and/or scientific reports that the Government intends to use in its case-in-chief; (D) written summary of testimony the Government intends to use at trial; (E) surveillance reports; (F) Jencks material (at least three weeks prior to trial); (G) Brady material; and (H) Gigilo information

The Government has agreed, to the extent it has not done so already, to disclose evidence relating to the above to the extent that it relates to the Government's obligations under Brady, Federal Rule of Criminal Procedure 16, Federal Rules of Evidence 702, 703, and 705, Giglio, and Section 3500. Consequently, to the extent the Government is required to do so, Garrett's motion for discovery is GRANTED.

## II. Motion To Preserve Agents' Notes

Garrett further moves this Court for an order preserving agents' notes. Because the Government has agreed to turn over such material, this Court GRANTS this motion.

## III. Motion for a Santiago Statement

Garrett has also moved for an order requiring the Government to produce statements made by his alleged coconspirators. Because this is not a conspiracy case, such statements do not exist, and therefore, this motion is DENIED as moot.

## IV. Motions For Notice of Intention to Use Other Crimes, Wrongs, and Acts Evidence

Garrett additionally seeks notice of the Government's intention to use other crimes, wrongs, or acts evidence. Federal Rule of Evidence 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show that he likely acted in conformity therewith on a particular occasion. Fed. R. Evid. 404(b). The purported rationale for the exclusion of evidence of other crimes, wrongs, or acts is that such evidence is of slight probative value and tends to distract the trier of fact from the facts at issue. United States v. Smith, 103 F.3d 600, 602 (7th Cir.1996). This evidence may be admissible, however, for any other relevant purpose including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Id.

Federal Rule of Evidence 404(b) requires that the government in a criminal case, upon request of an accused, provide reasonable advance notice of its intention to use such evidence and the general nature thereof. The purpose of this notice requirement is to "reduce surprise and promote early resolution on the issues of admissibility." Fed. R. Evid. 404(b), Notes of Committee on the Judiciary, Sen Rep. No. 93-1277. This Rule does not, however, provide for

unbridled discovery and, to that end, the government need only "appraise the defense of the general nature of the evidence of extrinsic acts." Id.

The Government acknowledges its obligations under Rule 404(b). The Court believes that, under the present circumstances, two weeks is sufficient for Garrett to analyze and assimilate Rule 404(b) material in preparation for trial. By providing this information three weeks before trial, the Government has met Rule 404(b)'s provision requiring "reasonable notice" in advance of trial. Fed. R. Evid. 404(b). Accordingly, Garrett's motion for notice of the government's intention to use Rule 404(b) material is GRANTED.

## CONCLUSION

For the foregoing reasons, Garrett's Motion

- For Disclosure of Evidence is GRANTED to the extent set forth herein;

- To Preserve Agent Notes is GRANTED;

- For a Santiago Proffer is DENIED as moot;

- For notice of use of Rule 404(b) evidence is GRANTED.

It is so ordered.

ENTER:

*Blanche M. Manning*
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 8-21-02