# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 976 | **DATE** | 4/4/2003 |
| **CASE TITLE** | USA vs. William Garrett | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the opinion, defendant Garrett's motion for downward departure is granted. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 07 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 49 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| rs | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Hon. Blanche M. Manning |
| v. | ) | |
| | ) | 01 CR 976 |
| WILLIAM H. GARRETT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant William Garrett was indicted for six counts of bankruptcy fraud, in violation of 18 U.S.C. § 152, for allegedly fraudulently concealing from the bankruptcy trustee the sale of his ownership of real property, his interest in a personal injury action, and a reduction in his child support obligations. Garrett subsequently entered a blind plea agreement to all six counts. The present matter comes before this Court on sentencing and Garrett's Motion for Downward Departure.

Under the United States Sentencing Guidelines ("the Guidelines"), Garrett's total offense level is a 12, based on a base offense level of 6 (section 2B1.1), plus 6 levels for the amount of loss ($30,000) (section 2B1.1(b)(1)(D), plus 2 levels for fraud in a bankruptcy proceeding (section 2B1.1(b)(7)(B)), minus 2 levels for acceptance of responsibility. Garrett now seeks a 2 level departure to a level 10, so that he may be sentenced to a community corrections facility, which would enable him to keep his current job.

Generally, the sentencing court must impose a sentence falling within the applicable range set forth in the Guidelines. See Koon v. United States, 518 U.S. 81, 85 (1996). The court

may, however, depart from the Guideline sentence if it "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). See also U.S.S.G. § 5K2.0; Koon, 518 U.S. at 92. Therefore, "[i]n the absence of a characteristic or circumstance that distinguishes a case as sufficiently atypical to warrant a sentence different from that called for under the guidelines, a sentence outside the guideline range is not authorized." U.S.S.G. § 5K2.0, Comment.

Examining departures from the Guidelines, the Supreme Court in Koon explained that the Sentencing Commission intended "the sentencing courts to treat each guideline as carving out a 'heartland', a set of typical cases embodying the conduct that each guideline describes." Koon, 518 U.S. at 93 (quoting U.S.S.G. ch. 1, pt. A, intro. cmt. 4(b)). The Sentencing Commission, however, "did not adequately take into account cases that are, for one reason or another, unusual." Id. Thus, "[w]hen a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted." U.S.S.G. ch. 1, pt. A, intro. cmt. 4(b). Therefore, before a sentencing court is permitted to depart from the Guidelines, the court must find that the case is "unusual" enough for it to fall outside the "heartland" of cases covered in the applicable guideline. See Koon, 518 U.S. at 93.

The Court in Koon set forth the following factors that sentencing courts should use in determining whether an upward departure from the applicable guidelines range is appropriate:

 1) What features of this case, potentially, take it outside the Guidelines' "heartland" and make of it a special, or unusual, case?
 2) Has the Commission forbidden departures based on those features?

3) If not, has the Commission encouraged departures based on those features?
4) If not, has the Commission discouraged departures based on those features?

Koon, 518 U.S. at 95. The Court went on to explain the mechanics of applying this framework:

> If the special factor is a forbidden factor, the sentencing court cannot use it as a basis for departure. If the special factor is an encouraged factor, the court is authorized to depart if the applicable Guideline does not already take it into account. If the special factor is a discouraged factor, or an encouraged factor already taken into account by the applicable Guideline, the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If a factor is unmentioned in the Guidelines, the court must, after considering the structure and theory of both relevant individual guidelines and the Guidelines taken as a whole, decide whether it is sufficient to take the case out of the Guidelines heartland. The court must bear in mind the Commission's expectation that departures based on grounds not mentioned in the Guidelines will be highly infrequent.

Id. at 95-96 (citations and internal quotations omitted). The Guidelines seek to "aid the court by identifying some of the factors that the Commission has not been able to take into account fully in formulating the guidelines." U.S.S.G. § 5K2.0. These factors are listed in sections 5K2.1 to 5K2.17.

Here, Garrett sets forth three grounds under which this Court may depart from the Guidelines: (1) the amount of loss overstates the seriousness of his offense; (2) in committing the offense, Garrett reasonably relied upon his bankruptcy attorney; and (3) he has taken extraordinary steps to rehabilitate himself since he committed the instant offenses.

Application Note 15(B) to section 2B1.1 (2002) states that "[t]here may be cases in which the offense level determined under this guideline substantially overstates the seriousness of the offense. In such cases, a downward departure may be warranted." In United States v. Rogers, 39 F.3d 1190, 1994 WL 594589 at *1-2 (9th Cir. 1994), the court affirmed the district court's one level departure where the sentencing court found that the amount of loss overstated the

-3-

defendant's culpability, where the defendant who was in a financial crisis failed to notify his lender when he signed over his interest in real estate to a third party to generate cash to pay his surmounting debts.

As for post-arrest/pre-sentencing rehabilitation, although the Seventh Circuit has not ruled on the issue, at least one circuit has suggested that extraordinary post-offense rehabilitation can support a downward departure. See United States v. Harrinton, 947 F.2d 9567, 962 (D.C. Cir. 1991) (R. Ginsberg, J.).

In addition to the above factors, although he has not specifically requested it, defendants may obtain a departure based on the fact that this was a single act of aberrant behavior. The Seventh Circuit recognizes that the Guidelines permit a sentencing court to grant a downward departure if the criminal act which the defendant was charged with was a "single instance of aberrant behavior." United States v. Carey, 895 F.2d 318, 324 (7th Cir. 1990). To qualify as aberrant behavior the criminal conduct must constitute "a spontaneous and seemingly thoughtless act rather than one which was the result of substantial planning because an act which occurs suddenly and is not the result of a continued reflective process is one for which the defendant may not be arguably accountable." Id. at 325. In determining aberrant behavior, the court may look "at the defendant's motivation and the presence or absence of any psychological disorders that the defendant was suffering from, [and] whether the defendant was operating under extreme presures." United States v. Iaconetti, 59 F. Supp. 2d 139, 145 (D. Mass. 1999). Additionally, the court may find that aberrant behavior was caused by "temporary and extreme family stress." United States v. DeRoover, 36 F. Supp. 2d 531, 533 (E.D.N.Y. 1999).

Here, the bankruptcy came at a very difficult time in Mr. Garrett's life. He lost his job in 1997 and for the first time in his life was unemployed. The previous ten years, he was employed as a loss control engineer for Continental Insurance Company, but was downsized when Continental was taken over by CNA. After being laid-off, Garrett found it extremely difficult to obtain employment given his age – 47 years old. Because he lost his job, Garrett was forced to declare bankruptcy. He hired attorney Mark Tillman, a long-time friend, to represent him. He met with Tillman who completed his bankruptcy petition. Garrett then signed the petition, without reading it, where Tillman indicated for him to sign.

On May 7, 1999, Garrett and Tillman appeared before the bankruptcy trustee. At this hearing, Garrett stated he had not sold any real estate in the last four years, did not own any real estate, and did not have any personal injury actions pending. These statements were false because Garrett did own property, which he had recently sold, and had a current personal injury action pending. These misstatements are the basis of the charges against Garrett.

Garrett contends that the personal injury action was the result of an intentional criminal act, and therefore, he believed that the perpetrator's insurance would not pay for anything other than his medical bills and thought he would not receive any other compensation. According to Garrett, that is why he stated he did not have any personal injury actions pending when asked by the trustee. Garrett asserts that Tillman knew about this action, which is evidenced by the fact that his personal injury attorney sent Tillman a copy of Garrett's medical bills, but did not correct his alleged mistake.

As for the real estate that Garrett sold, he contends that Tillman knew of the property because he represented him in the purchase. When Garrett told Tillman that he had recently sold the property, Tillman did not alert him to the fact that he should have disclosed this fact.

Garrett is also charged with failing to disclose that he was in the process of having his child support payments reduced. Garrett contends that he did not know this needed to be disclosed and that Tillman knew of this because he represented him at a hearing to reduce his child support payments.

Consequently, this Court grant's Garrett's motion for downward departure.

## CONCLUSION

For the foregoing reasons, Defendant Garrett's Motion for Downward Departure is GRANTED. It is so ordered.

ENTER:

*Blanche M. Manning*
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

DATE: 4-4-03